UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD STEWART, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3613** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION: D (5)** |

### ORDER & REASONS

Before the Court is Plaintiff Lloyd Stewart, Jr.'s Motion to Reconsider Order Granting Summary Judgment to Defendants.[1] The Defendants, BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. (collectively "Defendants") oppose this Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I.    FACTUAL & PROCEDURAL BACKGROUND

This case arises from the *Deepwater Horizon* oil spill in the Gulf of Mexico in 2010 and the subsequent cleanup efforts of the Gulf Coast. The Court has previously detailed the factual background of this case;[3] accordingly, the Court only discusses the relevant background as it pertains to the instant Motion.

On September 27, 2022, this Court granted Defendants' *Daubert* Motion to Exclude the General Causation Opinions of Plaintiff's expert, Dr. Jerald Cook[4], and

---

[1] R. Doc. 83.
[2] R. Doc. 86.
[3] *See* R. Doc. 81 at pp. 1–6.
[4] R. Doc. 54.

Defendants' Motion for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation[5] for the reasons stated in that Order.[6] Plaintiff filed the present Motion on October 25, 2022, asking this Court to reconsider its previous Order granting summary judgment for Defendants in light of an ongoing dispute between the B3 plaintiffs and the Defendants over the alleged failure of BP to collect dermal and biological monitoring data from oil spill cleanup workers.[7] Plaintiff argues that "[a]llowing summary judgment to stand would reward" Defendants' "sanctioned discovery abuse."[8]

The Defendants filed a response in opposition to the Motion, pointing out that numerous sections of this Court have rejected nearly identical motions in dozens of cases for "rehash[ing] arguments about the same discovery dispute that this Court and others have already concluded is irrelevant to the issue of general causation."[9] The Defendants contend that Plaintiff has wholly failed to provide any new reason for the granting of the Motion not already considered and rejected by this Court.[10]

## II. LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule

---

[5] R. Doc. 55.
[6] R. Doc. 81.
[7] R. Doc. 83.
[8] R. Doc. 83-1 at p. 3.
[9] R. Doc. 86 at p. 1.
[10] *Id.* at p. 6.
[11] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

59(e).[12] The Court is mindful that, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[13] "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[14]

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[15]

### III. ANALYSIS

Plaintiff primarily relies upon Magistrate Judge North's discovery-related ruling in the *Torres-Lugo* case to support his argument that the Court should reconsider its prior granting of summary judgment in favor of Defendants.[16] Plaintiff contends that, pursuant to the *Torres-Lugo* sanctions order, Plaintiff has finally been able to depose a BP corporate witness about BP's alleged intentional failure to conduct dermal and biometric monitoring data of cleanup workers and that, "with the

---

[12] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[13] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[14] *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[15] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
[16] *See* R. Doc. 83-1 at pp. 2–3 (citing *Torres-Lugo v. BP Expl. & Prod., Inc.*, No. 20-210, R. Doc. 136 (E.D. La. July 18, 2022)).

benefit of these depositions" in hand, "Plaintiff should have the opportunity to defend the BP motions with a full record."[17]

As Defendants point out, Plaintiff's argument is not new; the Court already considered the impact of the *Torres-Lugo* sanctions order and Plaintiff's allegations regarding dermal and biological monitoring in its prior Order and found such arguments to be wholly irrelevant to the question of the admissibility of Dr. Cook's expert report.[18] As this Court previously explained: "Plaintiff's argument misses the mark because a general causation analysis does not depend upon particular sampling taken from the incident in question. Rather, a general causation expert is allowed to consult the entire universe of relevant epidemiological studies to support their opinion."[19] Indeed, every section of this court to have considered this issue has concurred that BP's alleged failure to conduct dermal testing or biomonitoring is not what renders Dr. Cook's expert report deficient.[20] Rather, Dr. Cook's report fails because, as this Court has explained, it does not meet Fifth Circuit requirements for

---

[17] *Id.* at p. 2.
[18] R. Doc. 86 at p. 7; R. Doc. 81 at p. 17.
[19] R. Doc. 81 at p. 17.
[20] *See* R. Doc. 86 at pp. 7–11 (collecting cases); R. Doc. 81 at p. 17 ("Dr. Cook, after all, 'was not prevented from consulting the relevant scientific and medical literature on the harmful effects of oil to determine whether a relevant chemical has the capacity to cause the harm alleged by plaintiff in the general population.'" (quoting *Dawkins v. BP Expl. & Prod., Inc.*, No. CV 17-3533, 2022 WL 2315846, at *8 (E.D. La. June 28, 2022) (Vance, J.))); *Milsap v. BP Expl. & Prod., Inc.*, No. CV 17-4451, 2022 WL 6743269, at *2 (E.D. La. Oct. 11, 2022) (Africk, J.) ("[T]he *Torres-Lugo* sanctions are irrelevant to defendants' motions *in limine* and for summary judgment. Sanctions and more discovery on BP's internal decision-making regarding data collection have no effect on the data actually available to Cook to prove general causation and . . . are therefore not outcome determinative of the legal issue of general causation.") (citations omitted).

general causation opinions.[21] Further, because Plaintiff has no expert general causation evidence, the Court granted Defendants' Motion for Summary Judgment.[22]

In sum, Plaintiff's rehashing of arguments which have already been considered and rejected by this Court fails to carry Plaintiff's heavy burden in persuading the Court to grant the "extraordinary remedy" of a Rule 59(e) motion.[23] Plaintiff fails to show that the Motion should be granted in order to correct manifest errors of law or fact or to prevent injustice.[24] Further, Plaintiff has presented no new relevant evidence nor shown that the motion is "justified by an intervening change in the controlling law."[25] Accordingly, the Court finds that Plaintiff has failed to demonstrate that this Court should either alter or amend its prior Order in this case granting summary judgment in favor of Defendants.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Order Granting Summary Judgment to Defendants[26] is **DENIED**.

New Orleans, Louisiana, December 8, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[21] R. Doc. 81 at pp. 17–18.
[22] *See id.* at pp. 18–19.
[23] *Templet*, 367 F.3d at 479.
[24] *Jupiter*, 1999 WL 796218, at *1.
[25] *Id.*
[26] R. Doc. 83.